## HEFFIE v ROWELL

Ohio Appeals, 1st Dist, Hamilton Co
No. 3790. Decided Feb 9, 1931

Cors & Scherer, for Heffie.

Davies, Hoover & Beall, Cincinnati, for Rowell.

**ROSS, PJ.**

There is nothing in the evidence to indicate that the plaintiff was not operating his motorcycle in a lawful manner. He stated his vision was impaired somewhat by the lights from Benn's automobile, the rays of which crossed his path. It is claimed that his proceeding under such circumstances constituted contributory negligence. In view of the fact that he was justified in relying upon the observance of the right of way ordinance, we do not consider such action conclusive upon him, but only that such action would present a question for the jury as to whether or not he was guilty of contributory negligence.

The court in instructing a verdict for the defendant found that he had done nothing which the jury would have a right to consider as negligence on his part. We hold otherwise, and that the court should have submitted to the jury the question of his negligence under proper charges covering the rights of the respective parties under the right of way ordinance. While no claim of negligence is made in the petition that the defendant proceeded without keeping a proper lookout, such a factor is necessarily involved in properly complying with the right of way ordinance.

One approaching an arterial highway is required to give the right of way to vehicles proceeding thereon. This naturally implies a duty upon one approaching the arterial highway to observe the approach of such vehicles, if any, and to do so from a position where he does not intrude his vehicle in the path of the oncoming vehicle, but where such observation is effective.

In the instant case the fact that the automobile of Benn may have blocked the defendant's vision to the south would not excuse the defendant in precipitating his vehicle into the path of the motorcycle, unless it was at such a distance that he could proceed without interfering with the progress of the motorcycle, if the same was proceeding in a lawful manner.

All of these contingencies presented questions for the jury. Did the defendant look? Was the motorcycle at such a distance as to warrant him proceeding with due regard to the rider's rights and safety? Was the plaintiff proceeding in a lawful manner?

The fact that there was a collision is to some degree at least indicative that there was an interference with the right of way of the rider.

The defendant may or may not have looked. He may or may not have seen the rider. If he proceeded without looking, he was guilty of negligence. If he looked and saw the rider's near and lawful approach and still proceeded, he was guilty of negligence. The fact that Benn's automobile remained stationary, may or may not have been an obligatory warning to him not to proceed.

The case of **George Ast Candy Co. v Kling, 121 Oh St, 362,** is pointed to as justifying the action of the court below. This and the cases upon which it is predicated merely hold that the one insisting upon the violation of his right of way must himself be proceeding in a lawful manner, and as hereinbefore pointed out there is nothing in the record to show that the rider was not so proceeding.

Thus viewing the case, the judgment of the Court of Common Pleas will be reversed, and the cause remanded to that court for a new trial.

HAMILTON and CUSHING, JJ, concur.